**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>JOSE R. TORRES DELGADO and<br>CYNTHIA NOGUE CRUZ,<br><br><br>DEBTORS. | CASE NO. 20-03405 (EAG)<br>Chapter 11<br><br><br><br>FILED & ENTERED ON 8/10/2021 |

**OPINION AND ORDER**

Pending before the court is an interim application for compensation in the amount of $12,325 filed by the attorney for the debtors, Mr. Juan Carlos Bigas. [Dkt. No. 112.] The United States trustee objects to the application and requests court to order attorney Bigas to disgorge $5,000 of his pre-petition retainer. [Dkt. No. 125.] Attorney Bigas opposes the U.S. trustee's objection. [Dkt. No. 132.] For the reasons stated below, the court grants the objection to application for compensation and partially approves the interim application for compensation in the amount of $7,325, thereby reducing by $5,000 attorney Bigas' compensation.

**I.      JURISDICTION**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C.

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to the Bankruptcy Reform Act of 1978, 11 U.S.C. §§ 1010-1532, as amended. All references to "Local Bankruptcy Rule"

§ 157(b). See Rodriguez Quesada v. United States, 222 B.R. 193, 196 (D.P.R. 1998) ("A dispute over an award or denial of attorney's fees is considered a core proceeding.").

## II.     PROCEDURAL BACKGROUND

The debtors filed their voluntary petition for relief under subchapter V of chapter 11 on August 28, 2020. [Dkt. No. 1.] On September 15, 2020, the debtors filed the application to employ attorney Bigas. [Dkt. No. 17.] On September 16, 2020, the court denied without prejudice the application to employ attorney for failure to comply with Local Bankruptcy Rule 9013-1. [Dkt. No. 20.]

On September 24, 2020, the debtors filed a second application for employment. [Dkt. No. 26.] On October 15, 2020, the U.S. trustee filed an objection to the second application for employment of attorney and requested the disgorgement of fees. [Dkt. No. 46.]  Attorney Bigas replied on November 30, 2020. [Dkt. No. 63.]

At a hearing held on March 11, 2011, the court approved the application to employ attorney Bigas with a $10,000 pre-petition retainer and $250 fee per hour, but subject to possible disgorgement. [Dkt. No. 111.] The court ordered attorney Bigas to file an interim fee application and granted the U.S. trustee time to state her position as to the interim application. [Id.] The court also held in abeyance the request for disgorgement of attorneys' fees filed by the U.S. trustee and attorney Bigas' reply, as well as any other objection filed to the attorney Bigas' interim fee application. [Id.]

---

are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

### III. APPLICABLE LAW AND DISCUSSION

Section 329(b) authorizes the bankruptcy court to determine the "reasonable value" of an attorney's services. If the attorney's fee "exceeds the reasonable value" of the attorney's services, "the court may cancel [any] fee agreement or order the return of [that] payment, to the extent excessive." 11 U.S.C. § 329(b). The court determines the reasonableness of the compensation awarded to an attorney under section 330(a)(3) considering "the nature, the extent, and the value of such services, taking into account all relevant factors." 11 U.S.C. § 330(a)(3). The factors enumerated by section 330(a)(3) include the time spent, the rates charged, the benefit of the services to the estate, whether the services were rendered within a reasonable of amount of time in connection with the complexity of the task at hand, and whether the compensation is reasonable based on the customary compensation of comparable attorneys. 11 U.S.C. § 330(a)(3)(A)-(F).

These "section 330 factors mirror those encapsulated in the traditional lodestar approach to calculating attorneys' fees." Berliner v. Pappalardo (In re Sullivan), 674 F.3d 65, 69 (1st Cir. 2012). The "lodestar" approach is the standard adopted in the First Circuit to be applied by the court when reviewing applications for compensation. See In re Bank of New England Corp., 142 B.R. 584, 586 (D. Mass.1992). Under the loadstar method, "the judge calculates the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001).

This court does not take lightly a request for disgorgement of attorney's fee. An attorney's requested compensation "may be reduced if the court finds that the work done

3

was excessive or of poor quality." 3 Alan N. Resnick & Henry J. Sommer, <u>Collier on Bankruptcy</u> ¶ 329.04[1] (16th ed. 2021). "When an attorney ineptly or incompetently renders services on behalf of debtors, the court may order disgorgement of all fees pursuant to § 329." <u>In re Lee</u>, 495 B.R. 107, 113 (Bankr. D. Mass. 2013). "Once a question of the reasonableness of counsel's fees is raised by a party in interest bringing a motion, the attorney bears the burden of proving his fee was reasonable." <u>In re Chez</u>, 441 B.R. 724, 730 (Bankr. D. Conn. 2010) (quoting <u>In re Wood,</u> 408 B.R. 841, 848 (Bankr. D. Kan. 2009)).

The objection by the U.S. trustee requests the disgorgement of $5,000 in attorney's fees. [Dkt. No. 125.] Out of 52.1 total hours of work invoiced by attorney Bigas at a $250 hourly rate,[2] the U.S. trustee objects to several time entries amounting to 34.7 hours (a total of $8,325) and suggests that the court reduce those 34.7 hours to 12.1 hours (a total of $3,025).[3] [<u>Id.</u>] The U.S. trustee's objection and request for disgorgement is based on several grounds, which the court addresses in turn below.

**(i)     Work performed prior to the date of employment**

The U.S. trustee objects all worked performed by attorney Bigas prior to the effective date of his employment. Under Local Bankruptcy Rule 2014-1(e), the approval of an employment application is deemed effective as of the date of the filing of the application, or as of the date the professional first rendered the services, if the application is filed within 14 days of the filing of the bankruptcy petition. Because the debtors' bankruptcy petition was filed on August 28, 2020, but the first application for employment of attorney was filed on

---

[2] The application for compensation at docket number 112 is for $12,325, but the court notes that 52.1 hours of work at a $250 rate should amount to $13,025.

[3] While the reduction of 34.7 hours to 12.1 hours implies a $5,300 in fees, the U.S. trustee requests that the fee application be reduced by only $5,000. [Dkt. No. 125.]

September 15, 2020, the U.S. trustee argues that all worked performed prior to that date is not entitled to compensation pursuant to In re Jarvis, 53 F.3d 416 (1st Cir. 1995). Under In re Jarvis, the court has discretion to approve post facto an application to employ a professional if "the employment satisfies the statutory requirements," and "the delay in seeking court approval resulted from extraordinary circumstances." Id. at 418. "Mere oversight does not fall within the realm of extraordinary circumstances." Id. at 422.

The U.S. trustee points out that attorney Bigas neither complied with Local Bankruptcy Rule 2014-1, nor asked for retroactive approval of the application to employ, nor argued that extraordinary circumstances prevented him from filing the application within 14 days of the filing of the petition. In his response to the U.S. trustee's objection, attorney Bigas addresses for the first time In re Jarvis. He alleges that his employment satisfies the statutory requirements and the delay in seeking court approval resulted from extraordinary circumstances because the case was filed urgently to prevent Banco Popular from garnishing the debtors' account and because the U.S. trustee "bombarded" attorney Bigas with bankruptcy requirements. The fact that the case had to be filed on an emergency basis is not enough to warrant a finding extraordinary circumstances, as described in In re Jarvis, given that attorney Bigas had 14 days after the filing of the petition to file timely the application to employ. As such, the court finds that the time entries invoiced for the period prior to September 15, 2020 (9.6 hours or $1,875[4] invoiced by the debtor's attorney) are not entitled to compensation.

---

[4] At the $250 rate per hour, 9.6 hours of work should amount to $2,400, but attorney Bigas invoiced $75 for three 1-hour time entries for worked performed between August 31, 2020 and September 1, 2020. [Dkt. No. 112, pp. 6-7.] As a result, all the time entries billed prior to September 15, 2020, amount to $1,875, which would equal 7.5 hours of work at a $250 rate.

5

### (ii)  Time litigating fee application

The U.S. trustee objects to a one-hour entry invoiced by attorney Bigas on November 30, 2020 to respond to the U.S. trustee's request to disgorge fees. The reduction is appropriate.  See Baker Botts LLP v. ASARCO LLC, 576 U.S. 121, 135 (2015) (bankruptcy court not allowed under section 330(a)(1) to award attorneys' fees for work performed defending fee application.)

### (iii)  Lumping of tasks

The U.S. trustee also requests that the court reduce 19.5 hours of work performed ($4,875) to 10 hours ($2,500) due to lumping of tasks. For example, the U.S. trustee objects to a time entry from November 25, 2020 in which attorney Bigas billed 7 hours ($1,750) to draft, review, discuss with the debtors, file a subchapter V plan and a motion in compliance with order. Another example is a time entry from February 12, 2021 in which attorney Bigas invoiced 5 hours ($1,250) to draft, review with debtors, and file an amended chapter 11 small business plan and a response to objection to confirmation, and review and file operating reports for August, September, October, November, and December 2020.

Under section 330(a) and the lodestar method, "[b]illing records must clearly identify each billed discrete task, indicate the date the task was performed, the precise amount of time spent, not to be billed in increments greater than one-tenth of an hour, who performed the task, their level of experience, and that person's hourly rate." In re Parrilla, 530 B.R. 1, 14 (Bankr. D.P.R. 2015) (quoting In re Bailey, 2009 Bankr. LEXIS 4166, at *14 (Bankr. E.D.N.Y. July 14, 2009)). "[W]ork performed should not be lumped into one time entry [because] the court cannot adequately review the entry if it cannot tell how much time was spent on each item." In re Envtl. Waste Control, 122 B.R. 341, 348-49 (Bankr. N.D. Ind. 1990).

The court finds that attorney Bigas lumped various tasks into a single time entry making it impossible to determine whether the time spent on those tasks is reasonable, redundant, or excessive. In his reply to the U.S. trustee's objection addressing the lumping of tasks, attorney Bigas merely states that the lumping was caused by the U.S. trustee because she insisted that the debtors amended the schedules. That explanation does not suffice. As such, the court is not able to determine the reasonableness of the objected time entries since it cannot decipher how much time was spent on each service rendered. Thus, the court grants the U.S. trustee's objection and reduces the objected time entries as follows:

| Date | Service Performed | Time invoiced by the attorney | Requested compensation by the attorney | Time allowed by the court | Compensation allowed by the court |
|---|---|---|---|---|---|
| 9/15/2020 | Draft and file application for employment of attorney and motion requesting extension of time. | 1.0 | $250 | 0.5 | $125 |
| 9/24/2020 | Draft and file amended disclosure of compensation, amended schedules I, J and SOFA. Application to employ and status report of Chapter 11 case and send documents for the IDI meeting to the Trustee. | 2.0 | $500 | 1.0 | $250 |
| 10/1/2020 | Draft and file Amended Voluntary Petition, Amended SOFA and Answer to Order to Show Cause. | 1.5 | $375 | 0.3 | $75 |

| 11/25/2020 | Draft, review, discuss with debtor, file Chapter 11 Small Business Subchapter V Plan, and Motion in compliance in order and requesting to amend order. | 7.0 | $1750 | 5.0 | $1250 |
|---|---|---|---|---|---|
| 2/12/2021 | Draft, review with debtors and file Amended Chapter 11 Small Business Plan and Response to Objection to Confirmation Plan. Review and file Operating Reports for August, September, October, November, and December 2020. | 5.0 | $1250 | 2.0 | $500 |
| 2/16/2021 | Draft and file certificate of service, Adv. Proc. 21-15 & 21-16. | 1.0 | $250 | 0.7 | $175 |
| 2/16/2021 | Draft and file amended schedule D, motion to inform compliance with PRBL Rule 1007-F, certificate of service, notice to creditors and motion to inform. | 2.0 | $500 | 0. | $125 |
| | **TOTAL** | **19.5 hours** | **$4,875** | **10 hours** | **$2,500** |

**(iv)  Excessive time billed**

The U.S. trustee also seeks to reduce 4.3 hours of work performed ($1,075) to 1.8

hours ($450) due to excessive time billed. She argues that some of the time entries included

8

in the application are overstated and include unreasonable amounts of time for basic tasks such as reviewing court orders containing two sentences or for procedural motions that contain mostly boilerplate language.  For example, on September 24, 2020, the attorney invoiced 0.3 or $75 for reviewing a two-sentence order to show cause; on October 7, 2020, he invoiced 0.3 for reviewing an order rescheduling a status conference; on October 16, 2020, he invoiced 0.3 for reviewing an order reassigning this case to a new judge; on December 3, 2020, he invoiced 0.3 for reviewing an order scheduling a hearing; on January 20, 2021, he invoiced 0.3 to review an order rescheduling the confirmation hearing; and on March 10, 2021 he invoiced 0.3 to review an order scheduling a hearing.  The U.S. trustee requests that all those entries amounting to 1.8 hours of work ($450.00) should be reduced to 0.6 hours of work ($150.00).

Likewise, on November 16, 2020, attorney Bigas invoiced 0.5 or $125 for reviewing a notice of appearance by a creditor; on January 19, 2021, he invoiced 0.5 or $125 to draft and file a motion requesting the continuance of hearing; and on March 2, 2021, he invoiced 0.5 or $125 to draft a request for continuance. Those entries add up to 1.5 hours ($375) and the U.S. trustee requests to reduce them to 0.7 hours of work ($175).  And, on December 22, 2020, the debtor's attorney billed one hour ($250) to draft and review the application to employ accountant Ruben Aviles Rivera.

The court agrees that reduction of these 4.3 hours of work invoiced is appropriate. The court deems unreasonable time entries invoicing 0.3 hours to read two-sentence orders, 0.5 hours to read a notice of appearance from another attorney, 0.5 hours to file continuance requests which contain mostly boilerplate language, or one hour to draft an

application to employ an accountant for the estate. As such, the court grants the U.S. trustee's

objection and reduces the time entries as follows:

| Date | Service Performed | Time invoiced by the attorney | Requested compensation by the attorney | Time allowed by the court | Compensation allowed by the court |
|---|---|---|---|---|---|
| 9/24/2020 | Review - order to show cause. | 0.3 | $75 | 0.1 | $25 |
| 10/7/2020 | Review - Order and Notice of rescheduling the Status Conference. | 0.3 | $75 | 0.1 | $25 |
| 10/16/2020 | Review - Order and notice reassigning case to another judge. | 0.3 | $75 | 0.1 | $25 |
| 11/16/2020 | Review - Notice of Appearance filed by FirstBank Puerto Rico. | 0.5 | $125 | 0.1 | $25 |
| 12/3/2020 | Review – Order scheduling a hearing. | 0.3 | $75 | 0.1 | $25 |
| 12/22/2020 | Draft and file review with debtor the Application to employ Ruben Aviles Rivera. | 1.0 | $250 | 0.5 | $125 |
| 1/19/2021 | Draft and file of Motion requesting continuance of hearing. | 0.5 | $125 | 0.3 | $75 |
| 1/20/2021 | Review order and notice rescheduling confirmation hearing. | 0.3 | $75 | 0.1 | $25 |

| 3/2/2021 | Draft and file motion continuance of hearing on confirmation. | 0.5 | $125 | 0.3 | $75 |
|---|---|---|---|---|---|
| 3/10/2021 | Review – Order and notice hearing scheduled 3/11/21. | 0.3 | $75 | 0.1 | $25 |
| | **TOTAL** | **4.3 hours** | **$1,075** | **1.8 hours** | **$450** |

**(v) Other**

Lastly, the U.S. trustee objects to a one-hour entry invoiced on November 24, 2020 to draft and file amended schedules A/B, C, and G and the amended statement of financial affairs. The U.S. trustee alleges that these amendments were made to include information the attorney should have had when the original schedules were filed on September 16, 2020. The court agrees. The court notes that the amended statement of financial affairs states that it was amended to include the garnished account, but the garnished account was the main reason for filing the bankruptcy as stated by the debtors in the initial scheduling conference. As such, the court will reduce the one-hour entry ($250) to 0.3 ($75).

**IV. CONCLUSION**

Based on the foregoing, the objection filed by the U.S. trustee to the interim fee application [Dkt. No. 125] is granted, and the interim application for compensation of attorney [Dkt. No. 112] is reduced as follows:

| Reason for reduction | Time spent by attorney | Invoiced by attorney | Time allowed | Amount allowed |
|---|---|---|---|---|
| Work performed prior to the date of employment | 9.6 hours | $ 1,875 | 0 hours | $0 |

11

| | | | | |
|---|---|---|---|---|
| Time litigating fee application | 1 hour | $250 | 0 hours | $0 |
| Lumping of tasks | 19.5 hours | $4,875 | 10 hours | $2,500 |
| Excessive amount invoiced | 4.3 hours | $1,075 | 1.8 hours | $450 |
| Other | 1 hour | $250 | 0.3 hours | $75 |
| **TOTAL** | **35.4 hours** | **$8,325** | **12.1 hours** | **$3,025** |
| Amount subject to disgorgement: $8325 - $3,025 = $5,300 | | | | |

As a result, the interim application for compensation for $12,325 [Dkt. No. 112] is partially approved in the amount of $7,325 after disgorgement of $5,000.

In Ponce, Puerto Rico, this 10th day of August 2021.

SO ORDERED.

Edward A. Godoy
U.S. Bankruptcy Judge

12